UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALAN JAEL GARCIA, § § *Plaintiff,* § § V. § § DANIEL JAMES REESE and DAN § REESE TRUCKING, LLC, § § *Defendants.* § § | Civil Action No. _____ _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Daniel James Reese and Dan Reese Trucking, LLC ("DRT"), file this notice of removal under 28 U.S.C. § 1441 and 1446 of an action pending in the 55th Judicial District Court, Harris County, Texas, entitled *Alan Jael Garcia v. Daniel James Reese and Dan Reese Trucking, LLC*, Cause No. 202214928, and state as follows:

### I. INTRODUCTION

1. On March 11, 2022, Plaintiff Alan Jael Garcia ("Plaintiff") filed suit against Defendants Reese and DRT ("Defendants"). The case is styled *Alan Jael Garcia v. Daniel James Reese and Dan Reese Trucking, LLC*, Cause No. 202214928, in the 55th Judicial District Court, Harris County, Texas (the "State Court Action").

2. Defendants were served with Plaintiff's Original Petition on April 11, 2022. Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274,

278 (5th Cir. 2007).

## II. BASIS FOR REMOVAL

3. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446 because this is a civil action over which the Southern District of Texas Federal District Courts have original jurisdiction. 28 U.S.C. § 1441(a) states that a civil case filed in state court may be removed to federal court if the case could have been originally brought in federal court.

4. Under 28 U.S.C. § 1441(a), removal is proper to the Southern District of Texas, Houston Division, because it is the district and division embracing Harris County, Texas, where the state action is pending.

5. Removal is proper because there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Plaintiff is a citizen of Texas. Daniel James Reese is a resident and citizen of Minnesota. DRT is a Minnesota LLC and its principal place of business is in Worthington, Minnesota. All members of DRT are residents and citizens of Minnesota. Thus, both Defendants are citizens of Minnesota. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The district courts of the United States have original jurisdiction based on diversity of citizenship among the parties, in that each defendant is now, and was at the time the action was commenced, diverse in citizenship from Plaintiff.

6. The amount in controversy is greater than $75,000, excluding interest and costs. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). As explicitly stated the Plaintiff's Original

Petition, "Plaintiff states that he seeks monetary relief of over $1,000,000."[1] Thus, the alleged damages Plaintiff has put at issue and the amount in controversy in this action exceeds $75,000.[2]

7.  All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A).

8.  Pursuant to 28 U.S.C. § 1446(a) and the Local Rules of the United States District Court for the Southern District of Texas, Defendants attach to this removal a true and correct copy of: (1) all executed process in the case; (2) pleadings asserting causes of action and all answers to such pleadings; (3) all orders signed by the state judge (none); (4) an index of matters being filed; (5) docket sheet; and (6) a list of all counsel of record, including address, telephone numbers and the parties represented.[3]

9.  Written notice of the filing of this notice of removal is being filed with the 55th District Court of Harris County, Texas, and provided to Plaintiff as required by the federal rules.

### III. CONCLUSION

10. Defendants, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action from the 55th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas.

---

[1] Exhibit "A" at ¶12.1.

[2] *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.").

[3] True and correct copies of which are attached hereto as Exhibits "A"–"E."

        Respectfully submitted,

Date: May 4, 2022        By:   */s/ Marcy Lynn Rothman*
        Marcy Lynn Rothman, attorney-in-charge
        State Bar No. 17318500
        Fed. Bar No. 12021
        *mrothman@krcl.com*

        KANE RUSSELL COLEMAN LOGAN PC
        5151 San Felipe Street
        Suite 800
        Houston, Texas 77056
        Telephone: 713.425.7400
        Facsimile: 713.425.7700

        **ATTORNEYS FOR DEFENDANTS**

Of Counsel:

KANE RUSSELL COLEMAN LOGAN PC
Raphael Qui
State Bar No. 24102385
Fed. Bar No. 3564750
E-Mail: rqiu@krcl.com
5151 San Felipe Street
Suite 800
Houston, Texas 77056
Telephone:(713) 425-7400
Facsimile:(713) 425-7700
Scott Riddle
Fed. Bar No. 2247711
State Bar No. 24059232
E-Mail: sriddle@krcl.com
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:  (214) 777-4200
Facsimile:   (214) 777-4299

9224174 v1 (71594.00154.000)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 4, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel for Plaintiff via email or certified mail, return receipt requested.

/s/ Scott Riddle
Scott Riddle

9224174 v1 (71594.00154.000)