EX A

3/11/2022 6:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 6251565
By: Wanda Chambers
Filed: 3/11/2022 6:34 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **ALAN JAEL GARCIA** § | | **IN THE DISTRICT COURT** |
| *Plaintiff* § | | |
| § | | |
| **vs.** § | | **\_\_\_\_ JUDICIAL DISTRICT** |
| § | | |
| **DAN REESE TRUCKING, LLC, AND** § | | |
| **DANIEL JAMES REESE** § | | **HARRIS COUNTY, TEXAS** |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, **ALAN JAEL GARCIA**, files this Original Petition, Jury Demand, and Rule 193.7 Notice, of the acts and omissions of **DAN REESE TRUCKING, LLC**, and **DANIEL JAMES REESE** hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.1     Pursuant to Texas Rule of Civil Procedure 190.4 the discovery of this case is to be conducted under a Level 3 Discovery Control Plan.

### II. PARTIES AND SERVICE

2.1     Plaintiff, **ALAN JAEL GARCIA**, is an Individual who resides in Harris County, Texas.

2.2     Defendant, **DAN REESE TRUCKING, LLC**, is a **LIMITED LIABILITY COMPANY** and may be served with process by serving its **registered agent** for service, **DANIEL JAMES REESE**, in person or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition at its registered address, Harris County at **1080 Maplewood Drive, Worthington, MN 56187** or any other place where it may be found.

1

2.3    Defendant, **DANIEL JAMES REESE**, is an Individual who may be served with process at his home at the following address: **1080 Maplewood Drive, Worthington, MN 56187**, or wherever he may be found. Service of said Defendant can be effected by personal delivery.

### III. JURISDICTION AND VENUE

3.1    The subject matter in controversy is within the jurisdictional limits of this court.

3.2    This court has jurisdiction over the parties because Defendant **DAN REESE TRUCKING, LLC** and **DANIEL JAMES REESE** purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.3    Plaintiff would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

3.4    Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

3.5    Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

4.1    On or about September 17, 2021, Plaintiff, **ALAN JAEL GARCIA** was traveling northbound on the 45 North merge exit lane in Houston, Texas. Defendant, **DANIEL JAMES REESE**, was also driving his tractor trailer northbound on the 45 North in Houston Texas, and in

2

the course and scope of his employment with **DAN REESE TRUCKING, LLC**, failed to control his speed and keep a proper distance, thereby causing his vehicle to collide into Plaintiff's vehicle. The collision occurred as a direct and proximate result of Defendants' negligence.

4.2 Plaintiff did nothing that caused the incident or his injuries.

## V. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT DAN REESE TRUCKING, LLC

5.1 At all times material to this lawsuit, Defendant **DANIEL JAMES REESE** was an employee of Defendant **DAN REESE TRUCKING, LLC** and was acting in the course and scope of his employment with this Defendant. Consequently, this Defendant is vicariously liable to Plaintiff for the negligent conduct of Defendant **DANIEL JAMES REESE** under the theory of *Respondeat Superior.*

5.2 The independent conduct of this Defendant constitutes negligence as that term is known in law. Such negligent acts or omissions include, but are not limited to the following:

- A. hiring and/or retaining Defendant **DANIEL JAMES REESE**, whom it knew or should have known was a reckless or incompetent driver;

- B. entrusting a vehicle to Defendant **DANIEL JAMES REESE**, whom it knew or should have known was a reckless or incompetent driver;

- C. failing to properly train Defendant **DANIEL JAMES REESE** in the safe operation of a commercial motor vehicle; and/or

- D. failing to properly supervise Defendant **DANIEL JAMES REESE's** driving activities.

5.3 One, some, or, all of the foregoing acts and/or omissions or others on the part of this Defendant constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

3

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DANIEL JAMES REESE

6.1  The incident made the basis of this lawsuit resulted from the improper conduct of Defendant, **DANIEL JAMES REESE**. The conduct of this Defendant constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff made the basis of this suit. This Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

- A. In that Defendant **DANIEL JAMES REESE** failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

- B. In that Defendant **DANIEL JAMES REESE** failed to control his speed as a person of prudent care would have done;

- C. In that Defendant **DANIEL JAMES REESE** failed to turn his motor vehicle in an effort to avoid the collision complained of;

- D. In that Defendant **DANIEL JAMES REESE** failed to operate a motor vehicle as a person using ordinary prudent care would have done;

- E. In that Defendant **DANIEL JAMES REESE** failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

- F. In that Defendant **DANIEL JAMES REESE** failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

- G. In that Defendant **DANIEL JAMES REESE** was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

- H. In that Defendant **DANIEL JAMES REESE** failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

6.2 One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant, constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VII. <u>GROSS NEGLIGENCE AGAINST ALL DEFENDANTS</u>

7.1 Plaintiff incorporates all other paragraphs by reference here fully.

7.2 The acts or omissions described above, when viewed from Defendants' standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

7.3 Plaintiff would further show that the injuries and damages that Plaintiff sustained as a result, of the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

7.4 Plaintiff would further show that Defendants ratified and failed to repudiate their agent's gross negligence and/or was grossly negligent in entrusting the vehicle to an unfit agent.

7.5 As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## VIII. <u>DAMAGES FOR PLAINTIFF</u>

8.1 As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past.

8.2 Plaintiff respectfully request that the trier of fact determine the amount of his damages and losses that they have incurred in the past and future, as well as the monetary value of these damages, which include, but are not limited to:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, **ALAN JAEL GARCIA** for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past and future;

d. Loss of earnings in the past;

e. Loss of earning capacity which will, in all probability, be incurred in the future

f. Mental anguish in the past and future;

g. Physical impairment and disfigurement in the past and future;

h. Lost wages in the past and future;

i. Prejudgment and post-judgment interest; and

j. Exemplary damages.

8.3 Many elements of Plaintiff's damages, including pain, suffering and mental anguish cannot be determined with mathematical precision and should properly be left to the jury to decide.

8.4 Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and demand judgment for all other relief, both in law and inequity, to which Plaintiff may be entitled.

## IX. DEMAND FOR TRIAL BY JURY

9.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. Plaintiff has already paid the fee.

## X. DUTY TO DISCLOSE

10.1    Pursuant to Texas Rule of Civil Procedure 194.1, Defendant is required to provide the information or material described in Rule 194.2, 194.3 and 194.4 without awaiting a discovery request from Plaintiff.

## XI. RULE 193.7 NOTICE

11.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any, and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII. RULE 47 STATEMENT OF RELIEF SOUGHT

12.1    As required by Texas Rule of Civil Procedure 47, Plaintiff states that he seeks monetary relief of over **$1,000,000.00**, and judgment for all other relief to which Plaintiff is justly entitled but leaves the actual amount to the discretion of the Jury. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief, if necessary.

## XIII. NOTICE TO PRESERVE EVIDENCE

13.1    Plaintiff hereby demands that all defendants preserve and place a litigation hold on all documents, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit, further described elsewhere herein. This includes, but is not limited to, all documents, photos, video, audio, cell phone records, text and SMS messages, and other electronically stored information.

## XIV. PRAYER

14.1. For the foregoing reasons, Plaintiff prays that Defendants are cited to appear and answer and that judgement be entered against Defendants for:

    a. Actual damages above the jurisdictional minimum of the Court, including but not limited to the following:

        i. Reasonable medical care and expenses in the past and future;

        ii. Physical pain and suffering in the past and future;

        iii. Mental anguish in the past and future;

        iv. Physical impairment in the past and future;

        v. Physical disfigurement;

        vi. Lost wages in the past and future; and

    b. All costs of court expended herein;

    c. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

    d. Exemplary damages; and

    e. All other relief to which Plaintiff is justly entitled.

(Signature block on next page).

Respectfully submitted,

**MORALES LAW FIRM**

By:    */s/ Moises Morales*
       Moises Morales III
       State Bar No. 24098137
       2801 Rosewood St.
       Houston, Texas 77004
       Tel:   (832) 245-5597
       Fax:   (832) 202-2747
       ECF:  moises@moraleslawfirm.net

**ATTORNEYS FOR PLAINTIFF**